Filed 2/15/24  P. v. Edwards CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B328825 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA510037) |
| v. | |
| RUDOLPH ARNOLD EDWARDS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge. Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Rudolph Arnold Edwards pleaded no contest to one count of possession of a firearm by a felon. The trial court placed Edwards on probation subject to various terms and conditions, including that he obey a domestic violence restraining order. Edwards appealed and obtained a certificate of probable cause. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged Edwards with a total of 15 counts: two counts of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)),[1] three counts of making a criminal threat (§ 422, subd. (a)), one count of battery against a spouse (§ 243, subd. (e)(1)), two counts of willful and knowing violation of a protective order or stay-away court order (§ 166, subd. (c)(1)), three counts of child abuse under circumstances or conditions likely to produce great bodily harm or death (§ 273a, subd. (a)), two counts of unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1)), one count of resisting a peace officer in the discharge or attempt to discharge any duty of his or her office or employment (§ 148, subd. (a)(1)), and one count of exhibiting a deadly weapon in a rude, angry, or threatening manner or using a deadly weapon other than a firearm in any fight or quarrel (§ 417, subd. (a)(1)). Before trial, the People offered Edwards the opportunity to plead no contest to one count of possession of a firearm by a felon, if he agreed to probation terms that included obeying a domestic violence restraining order. Edwards initially objected to the restraining order condition, but ultimately agreed

---

[1]     All statutory references are to the Penal Code.

to accept the People's offer. The trial court accepted Edwards's plea, suspended imposition of sentence, and placed Edwards on formal probation for two years, with 462 days credit for time served. The court dismissed the remaining counts.

Edwards filed a notice of appeal with a request for a certificate of probable cause. He argued in his request for certificate of probable cause that the trial court should have dismissed the case for "having exceeded the speedy trial time period" and that the charge he pleaded no contest to "was not a domestic violence charge and therefore the [criminal protective order] should not be able to be attached to this plea." The trial court granted the request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent Edwards on appeal. After reviewing the record, counsel filed a brief raising no issues and asking us to independently review the record. Counsel stated in his opening brief that he wrote "to appellant at his last known address and the mail was returned by the post office [and] [b]ecause I do not have valid contact information for appellant, I have not explained my evaluation of the record on appeal and my intention to file this pleading to appellant. I have also not been able to inform appellant of his right to file a supplemental brief within thirty days of the filing of this brief."

On November 17, 2023 this court sent Edwards a letter to his last known address stating that counsel filed a brief raising no issues and that Edwards could submit a supplemental brief or letter within 30 days stating any grounds for an appeal, or contentions, or arguments he wanted us to consider. Our letter

3

to Edwards was returned undeliverable with no forwarding address on December 5, 2023.  (See Cal. Rules of Court, rule 8.32(b)(1).)

We have examined the record and are satisfied that appellate counsel for Edwards has complied with his responsibilities and that there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

MARTINEZ, J.